UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RANDEL REELE CRANDALL,<br><br>                  Plaintiff,<br><br>  v.<br><br>J WILLIAMS, et al.,<br><br>                  Defendants. | Case No. C18-5341 RBL-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for: **November 2, 2018** |

Plaintiff commenced this action under 42 U.S.C. § 1983 when he was an inmate at Pierce County Jail. Dkts. 1, 4. Plaintiff is proceeding *pro se* and *in forma pauperis*. *Id.* Plaintiff brings claims against Officer J. Williams, his arresting officer, for the alleged use of excessive force during his arrest. Dkt. 4. Plaintiff also names Bruce Dammeier, the Pierce County executive as a defendant. *Id.* Defendant Dammeier now moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. 14. The Court recommends that the Motion to Dismiss (Dkt. 14) be granted to the extent that plaintiff's claims against defendant Dammeier be dismissed without prejudice. The other named defendant, Officer J. Williams, shall remain in the case at this point.

**BACKGROUND**

Plaintiff filed his complaint in May 2018. Dkt. 4. Plaintiff's complaint alleges Officer J. Williams broke his arm with a baton in the course of his arrest and that the officer's actions constituted excessive force. *Id.* Plaintiff names County Executive Bruce Dammeier as an additional defendant but makes no specific allegations against him in his complaint. *Id.*

REPORT AND RECOMMENDATION - 1

1  In support of his Motion to Dismiss, defendant Dammeier argues that plaintiff fails to
2  assert sufficient factual allegations against him to state a claim. Dkt. 14. Plaintiff did not file a
3  response to the Motion to Dismiss.

**STANDARD OF REVIEW**

**A.  Motion to Dismiss**

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be granted only if the complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Mere conclusory statements in a complaint and "formulaic recitation[s] of the elements of a cause of action" are not sufficient. *Id.*; *Chavez v. United States*, 683 F.3d 1102, 1108-09 (9th Cir. 2012). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Ballistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990).

While the Court must accept all the allegations contained in a complaint as true, the Court does not have to accept a "legal conclusion couched as a factual allegation." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). While the Court is to construe a complaint liberally, such construction "may not supply essential elements of the claim that were not initially pled." *Pena*, 976 F.2d at 471.

**B.      Elements of a § 1983 Claim/Personal Participation**

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). To state a claim under 42 U.S.C. § 1983, plaintiff must allege facts showing how a defendant caused or personally participated in causing the harm alleged in the complaint. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. Int'l Bus. Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

**DISCUSSION**

Plaintiff has named Pierce County executive Bruce Dammeier as a defendant in his complaint but fails to offer any factual allegations indicating that he personally participated in any way in the alleged constitutional violation. Dkt. 4. In fact, plaintiff fails to allege any facts at all with respect to defendant Dammeier. *Id.* A conclusory assertion of liability, or in this instance merely naming an individual (or public official) as a defendant, is insufficient to state a claim. Further, because plaintiff did not respond to the Motion to Dismiss and elaborate on the actions or role, if any, of defendant Dammeier in the alleged constitutional violation, the Court is unable

REPORT AND RECOMMENDATION - 3

to determine whether amendment could remedy this deficiency. Therefore, the Court recommends granting defendant Dammeier's Motion to Dismiss (Dkt. 14), dismissing any claim against him without prejudice. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1108 (9th Cir. 2003) (Rule 12(b)(6) dismissals should ordinarily be without prejudice).[1]

## CONCLUSION

For the foregoing reasons, the Court recommends defendant's Motion to Dismiss (Dkt. 14) be **GRANTED**, however plaintiff's claims against defendant Dammeier should be dismissed *without* prejudice.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating this time limitation, this matter shall be set for consideration on **November 2, 2018**, as noted in the caption.

Dated this 10th day of October, 2018.

Theresa L. Fricke
United States Magistrate Judge

---

[1] Defendant Dammeier also raises the defense of qualified immunity in his motion. Dkt. 14. However, as the Court has already determined plaintiff has failed to state a claim against defendant Dammeier, it declines to consider this issue.